## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HIGH SCHOOLERS, LLC,

      Plaintiff,

v.

ATLIENS TOURING, INC.,

      Defendant.

CIVIL ACTION FILE NO.
1:24-cv-03690-SCJ

JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

ATLiens Touring, Inc. ("Defendant") files this Answer and Affirmative Defenses to the allegations set forth in the Complaint filed by High Schoolers, LLC ("Plaintiff"). As a preliminary matter, Defendant denies that Plaintiff has any trademark rights whatsoever in the ATLIENS mark for the reasons set forth in Defendant's Motion to Dismiss the allegations in the Amended Petition for Cancellation filed by High Schoolers, LLC in the Trademark Trial and Appeal Board Cancellation Proceeding No. 92079645 (the "TTAB Proceeding"). Defendant further denies any and all allegations in the Complaint except as expressly admitted herein, and otherwise responds to the Complaint as follows:

1.     The allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

2.      The allegations of Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2.

## PARTIES

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies them.

4.      Defendant admits that it is a Nevada corporation with a principal address of 4525 W. Cougar Ave., Las Vegas, Nevada 89139. Defendant denies any remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      The allegations of Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

6.      The allegations of Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.

7.      Defendant admits that it is an Atlanta, Georgia based music duo that transacts business in Atlanta, Georgia, including by performing and selling merchandise in Atlanta, Georgia. Defendant further admits that it has and

continues to sell tickets to concerts and give live performances in Atlanta, Georgia. Defendant further admits that it advertises, offers for sale, and sells products to consumers through the website https://www.atliensofficial.com/. Defendant denies the remaining allegations in Paragraph 7.

8.    The allegations of Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

9.    The allegations of Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10.    The allegations of Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11.    The allegations of Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11.

12.    The allegations of Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Business and Intellectual Property

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies them.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies them.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies them.

16.     Defendant denies the allegations of Paragraph 16.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies them.

18.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies them.

19.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies them.

20.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis, denies them.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, denies them.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies them.

23.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, denies them.

24.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 24, and on that basis, denies them. The allegations contained in the second sentence of Paragraph 24 are legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations contained in the second sentence of Paragraph 24.

25.    The allegation that Plaintiff used ATLIENS as a source indicator is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 25, and on that basis, denies them.

26.    The allegations of Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and on that basis, denies them. Defendant admits that the Complaint includes images that purport to reflect posters, baseball bats, hats, pants, bottles, jerseys and hoodies. These images speak for themselves such that no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

28.    The allegations of Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28.

29.     The allegations of Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29.

30.     The allegations of Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30.

31.     The allegations of Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31.

32.     The allegations of Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33.     The allegations of Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 33.

34.     The allegations of Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 34.

35.     The allegations of Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35.

36.     The allegations of Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     The allegations in the first sentence of Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 39. Defendant admits that the remainder of the allegations in Paragraph 39 purport to reflect a recitation of goods and services for five trademark applications filed with the US Patent and Trademark Office. As for allegations pertaining to what these applications cover, the prosecution history of each application speaks for itself such that no answer is required. Defendant denies the remaining allegations set forth in Paragraph 39.

40.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, denies them.

41.     The allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 41.

42.     The allegations of Paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 42.

**Defendant's Unauthorized Use and Registration of the ATLIENS Mark**

43.     Defendant admits that ATLiens is an EDM duo based in Atlanta, Georgia. Defendant denies the remaining allegations contained in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant admits that it uses the ATLIENS mark to promote its music on its website and in other promotional material. Defendant admits that the Complaint includes images that purport to reflect such use. These images speak for themselves such that no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45.

46.     Defendant admits that it uses the ATLIENS mark on merchandise, including but not limited to t-shirts and sweatshirts. Defendant admits that the Complaint includes images that purport to reflect such use. These images speak for themselves such that no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 46.

47.    Defendant admits that its merchandise sometimes uses images of spaceships and aliens alongside the ATLIENS mark, and sometimes sells merchandise consistent with this extraterrestrial theme bearing the ATLIENS mark. Defendant admits that the Complaint includes images that purport to reflect such use. These images speak for themselves such that no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 47.

48.    Defendant admits that it owns US Service Mark Registration No. 6,136,315 for the mark ATLIENS in International Class 41 (the "Registration"). Defendant admits that the allegations in Paragraph 48 purport to reflect a recitation of services for Defendant's trademark registration for ATLIENS. As for allegations pertaining to what this registration covers, the prosecution history of this mark speaks for itself such that no answer is required. Defendant denies the remaining allegations in Paragraph 48.

49.    The prosecution history and trademark record regarding the Registration speaks for itself such that no answer is required. Defendant denies the remaining allegations in Paragraph 49.

50.    The allegations of Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51.    Defendant admits that the two performers of ATLiens perform EDM music, that Defendant originates from Atlanta, Georgia, and that Defendant has sometimes promoted its music, live performances, and related goods and services using space and/or alien themed imagery. Defendant denies the remaining allegations contained in Paragraph 51.

52.    Defendant admits that the two performers of ATLiens perform while wearing face masks. Defendant denies the remaining allegations contained in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant denies the allegations in Paragraph 54.

55.    The allegations of Paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 55.

56.    The allegations of Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 56.

57.    The prosecution history for Plaintiff's Applications speaks for itself such that no answer is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.    The allegations of Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58.

59.    The allegations of Paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

60.    Defendant admits that Plaintiff instituted Trademark Trial and Appeal Board Cancellation Proceeding No. 92079645 (the "TTAB Proceeding") against Defendant, which proceeding is still pending.

61.    Defendant admits that it has used the ATLIENS mark to promote a February 15, 2025, show in Atlanta. Defendant denies the remaining allegations set forth in Paragraph 61.

62.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and on that basis, denies them.

63.    The allegations of Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.

## COUNT I

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP UNDER THE LANHAM ACT

64.     Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

65.     The allegations of Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 65.

66.     The allegations of Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 66.

67.     The allegations of Paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 67.

68.     The allegations of Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69.     The allegations of Paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 69.

## COUNT II

## DILUTION UNDER THE LANHAM ACT

70.    Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

71.    The allegations of Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72.    The allegations of Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73.

74.    The allegations of Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74.

75.    The allegations of Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 75.

76.    The allegations of Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77.    The allegations of Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 77.

78.    The allegations of Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79.    The allegations of Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.    The allegations of Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81.    The allegations of Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

## **COUNT III**

## **CANCELLATION OF REGISTRATION NO. 6,136,315 ON THE GROUND OF LIKELIHOOD OF CONFUSION, DILUTION AND FALSE SUGGESTION OF A CONNECTION**

82.    Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

83.     Defendant admits that this Court may order the cancellation of registrations, in whole or in part, pursuant to 15 U.S.C. § 1119.

84.     Defendant admits that it owns Registration No. 6,136,315 for ATLIENS in Class 41. As for allegations pertaining to what the Registration covers, the prosecution history of the Registration speaks for itself such that no answer is required. To the extent a response is required, Defendant denies the allegations concerning the prosecution history of the Registration set forth in Paragraph 84. Defendant denies the remaining allegations set forth in Paragraph 84.

85.     The allegations of Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86.     The allegations of Paragraph 86 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87.     Defendant admits that the underlying application for Defendant's mark was filed on February 18, 2020, and claims September 1, 2012 as its date of first use anywhere and October 11, 2012 as its date of first use in commerce. The allegations of the first and third sentences of Paragraph 87 are legal conclusions to which no response is required. To the extent a response is required, Defendant

denies the allegations contained in the first and third sentences of Paragraph 87.

Defendant denies any remaining allegations contained in Paragraph 87.

88.     For allegations pertaining to what the Registration covers, the

prosecution history of the Registration speaks for itself such that no answer is

required. To the extent a response is required, Defendant denies the allegations

concerning the prosecution history of the Registration set forth in Paragraph 88.

Defendant denies the remaining allegations set forth in Paragraph 88.

89.     Defendant admits that it provides goods such as sound recordings and

merchandise, including apparel, bearing the ATLIENS mark. Defendant denies all

remaining allegations contained in Paragraph 89.

90.     The prosecution history for Plaintiff's Applications speaks for itself

such that no answer is required. To the extent a response is required, Defendant

denies the allegations in Paragraph 90. The allegations in the last sentence of

Paragraph 90 are legal conclusions to which no response is required. To the extent

a response is required, Defendant denies the allegations contained in the last

sentence of Paragraph 90.

91.     The allegations of Paragraph 91 are legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the

allegations contained in Paragraph 91.

92.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and on that basis, denies them.

93.     The allegations of Paragraph 93 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94, and on that basis, denies them.

95.     Defendant denies the allegations in Paragraph 95.

96.     The allegations of Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96.

97.     The allegations of Paragraph 97 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 97.

## <u>COUNT IV</u>

## <u>TRADEMARK INFRINGEMENT UNDER GEORGIA COMMON LAW</u>

98.     Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

99.    The allegations of Paragraph 99 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 99.

100.    The allegations of Paragraph 100 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 100.

101.    The allegations of Paragraph 101 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 101.

102.    The allegations of Paragraph 102 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 102.

103.    The allegations of Paragraph 103 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104.    The allegations of Paragraph 104 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 104.

## COUNT V

## UNFAIR COMPETITION UNDER GEORGIA COMMON LAW

105.   Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

106.   The allegations of Paragraph 106 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 106.

107.   The allegations of Paragraph 107 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 107.

108.   The allegations of Paragraph 108 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 108.

109.    The allegations of Paragraph 109 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 109.

## COUNT VI

## UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55

110.   Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

111.    The allegations of Paragraph 111 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 111.

112.    The allegations of Paragraph 112 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113.    The allegations of Paragraph 113 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 113.

114.    The allegations of Paragraph 114 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

## COUNT VII

## DILUTION UNDER O.C.G.A. § 10-1-451(b)

115.    Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

116.    The allegations of Paragraph 116 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117.   The allegations of Paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 117.

118.   The allegations of Paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 118.

## COUNT VIII

## DECEPTIVE TRADE PRACTICES UNDER GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT

119.   Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

120.   The allegations of Paragraph 120 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 120.

121.   The allegations of Paragraph 121 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 121.

122.   The allegations of Paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 122.

## COUNT IX

## INJUNCTION

123.    Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

124.    The allegations of Paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 124.

125.    The allegations of Paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 125.

## COUNT X

## COST OF LITIGATION UNDER O.C.G.A. § 13-6-11

126.    Defendant repeats and re-alleges, and incorporates by reference, the foregoing answers as though they were fully set forth herein.

127.    The allegations of Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.    The allegations of Paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 129.

## PRAYER FOR RELIEF

Plaintiff's prayer contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the requested relief.

## GENERAL DENIAL

Except as expressly admitted above, Defendant denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

Without prejudice to its denial of the allegations in the Complaint, Defendant states as and for its Affirmative Defenses, without waiving the obligations of Plaintiff to prove every factual element of its claims, as set forth below. Defendant affirmatively reserves the right to raise such other affirmative defenses of which it becomes aware during the course of discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Plaintiff fails to and cannot establish trademark rights in a single creative work and therefore, the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable defense of acquiescence. Defendant registered the mark at issue in 2020 and has used the mark in connection with the relevant goods and services since at least as early as 2012.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable defense of laches. Defendant registered the mark at issue in 2020 and has used the mark in connection with the relevant goods and services since at least as early as 2012.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable defense of waiver. Defendant registered the mark at issue in 2020 and has used the mark in connection with the relevant goods and services since at least as early as 2012.

## JURY DEMAND

Defendant demands a jury trial in this action for all issues so triable.

WHEREFORE, Defendant prays for judgment as follows:

1.    For judgment in favor of Defendant and against Plaintiff;

2.      That all relief sought in the Complaint be denied;

3.      For costs of suit and attorneys' fees incurred under applicable law; and

4.      For other such and further relief as the Court deems proper.

Respectfully submitted, this 21st day of October, 2024.

**/s/ *Jillian L. Burstein***

Jillian L. Burstein (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-2779
jburstein@reedsmith.com

Christpoher J. Pulido (*pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 659-4747
cpulido@reedsmith.com

**/s/ *Allegra J. Lawrence***

Allegra J. Lawrence (Georgia Bar No. 439797)
Rodney J. Ganske (Georgia Bar No. 283819)
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
rod.ganske@lawrencebundy.com

*Counsel for ATLiens Touring, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed this ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ *Jillian L. Burstein*
Jillian L. Burstein (*pro hac vice*)
jburstein@reedsmith.com

*Counsel for ATLiens Touring, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this ANSWER TO COMPLAINT complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been prepared in Times New Roman 14-point font.

/s/ *Jillian L. Burstein*
Jillian L. Burstein (*pro hac vice*)
jburstein@reedsmith.com

*Counsel for ATLiens Touring, Inc.*